THOMAS HAMMILL, PLAINTIFF-RESPONDENT, v. COM-
MERCIAL CASUALTY INSURANCE COMPANY, DEFEND-
ANT-APPELLANT.

ARCHIE HAMMILL, PLAINTIFF-RESPONDENT, v. COM-
MERCIAL CASUALTY INSURANCE COMPANY, DEFEND-
ANT-APPELLANT.

Submitted January 28, 1927—Decided June 27, 1927.

Insurance—Surety Bonds—Bond was Issued to Secure Payment
For Labor and Material Furnished on Public Work by Con-
tractors—Plaintiffs Were Engaged in Furnishing Trucks and
Delivering Materials—Held, That Such Service Constitutes
a Lienable Claim—Held, Further Payment Under Terms of
the Bonding Policy Does Not Constitute a Preference to
Which the Bonding Company May Object.

On appeals from judgments of the East Orange District
Court.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *Samuel D. Williams.*

For the respondents, *Green & Green.*

PER CURIAM.

The above cases are two appeals from judgments rendered
by the East Orange District Court in favor of the plaintiffs.
The two cases are presented in one record. The defendant
below, Commercial Casualty Insurance Company, is in each
case the appellant. The suits were instituted against the
appellant to recover upon a bond upon which the appellant
was a surety. On October 27th, 1925, the county of Essex
entered into an agreement with a corporation, known as the
National Company, by which the said company agreed to
provide and supply the materials, labor, tools and appliances

for the construction of roads, parking space, and entrances to the Essex County Hospital, located at Belleville, in the county of Essex. The amount of the contract, as estimated for surety purposes only, was $11,098. In accordance with chapter 75 of the laws of 1918, the National Company gave a bond in the sum of $11,098, conditioned to pay all lawful claims of subcontractors, materialmen and laborers, for labor performed and materials furnished in the carrying forward, performing or completing of said contract. The work was accepted by the board of freeholders of the county of Essex on December 10th, 1925. On February 18th, 1926, and within eighty days after the acceptance of the work, the plaintiffs, Thomas Hammill and Archie Hammill, served the appellant with proofs of claims and statements of indebtedness of the National Company to them. The claims were for the furnishing of trucks and driving the same for the National Company in the carting of cracked stone and sand from a quarry to the site of the improvement. The rate of pay of the plaintiffs was by the day. The National Company owed to one plaintiff, Thomas Hammill, for this service, $412, as he claimed. Archie Hammill, the other plaintiff, claimed that the National Company owed him the sum of $91.

On April 5th, 1926, the insurance company denied its liability and refused to pay the plaintiffs the sums they claimed. Thereupon they instituted the present suits. The East Orange District Court gave judgment to Thomas Hammill for $464.06 and to Archie Hammill for $106.90. These judgments included interest upon the accounts.

The first contention of the appellants is that the furnishing of trucks and the driving of trucks was not labor performed within the meaning of chapter 75 of the laws of 1918. *Pamph. L.* 1918, *p.* 203. The purpose of chapter 75 of the laws of 1918, as evidenced by the act, was to secure the payment by the contractor and by all subcontractors "for all labor performed or materials furnished in the construction, erection, alteration or repair of such building, works or improvements." The act was intended to protect those having lienable claims. In the case of *Davis* v. *Mial,* 85 *N. J. L.*

167, the Court of Errors and Appeals held that a mechanics' lien claim suit might be maintained for the transportation and delivery of materials as for labor performed for the erection and construction of a building. One who carts stone and sand for use in improving a road is as much entitled to a lien as would be a hodcarrier who carries bricks to the top floor of a building for the purpose of being laid by another. We see no merit in this contention of the appellant.

The second ground of appeal advanced by the appellant is that to allow the plaintiffs to have judgments under the bond would be to allow them a preference; that the bond should be strictly construed, and the preference refused. This point also seems to us to be without merit in view of the clearly expressed purpose of the act which was passed for the protection of persons who labored or furnished material for the construction of public works. All that the judgment creditors are getting in this case is the benefit of the protection which the enactment of the statute gave them. The labor was actually necessary in the prosecution of the work and went into the work to be performed under the contract referred to. The appellant received the premium for the execution of the bond. It should bear the burdens of the contract it entered into.

The judgments of the District Court are affirmed, with costs.